## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2018, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Katrina M. Lynn
Lynn and Stein, P.C.
Wabash, Indiana

ATTORNEY FOR APPELLEE

R.P. Fisher
Fisher & Ireland
Wabash, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Heather M. (Varner) France,<br>*Appellant-Defendant,*<br><br>v.<br><br>Mary Sparling,<br>*Appellee-Plaintiff* | June 26, 2018<br><br>Court of Appeals Case No.<br>85A02-1710-PL-2472<br><br>Appeal from the Wabash Circuit Court<br><br>The Honorable Robert R. McCallen, III<br><br>Trial Court Cause No.<br>85C01-1609-PL-593 |

**Baker, Judge.**

[1] Heather France appeals the trial court's orders granting Mary Sparling's motion to dismiss France's adverse possession counterclaim and entering judgment for Sparling on Sparling's trespass complaint against France. Finding that the motion to dismiss should not have been granted and that France is entitled to her day in court, we reverse and remand for further proceedings.

## Facts

[2] In July 2012, France purchased her Wabash home, which includes a fence, pool, permanent shed, and an addition on the back of the home. All of these features were maintained by France's predecessors in title and have continued to be maintained by France. She has also paid property taxes on this parcel of land, as did her predecessors.

[3] In May 2016, a land survey was conducted. The surveyor learned that the fence, permanent wood shed, part of the addition to the back of the house, and most of the pool actually sit on part of the abutting tracts of land owned by France's neighbors. Sparling is one of those neighbors; her forty-acre tract abuts France's property to the west. At some point following the survey, Sparling demanded that France remove the fence, shed, and pool from her property. France refused to do so.

[4] On September 8, 2016, Sparling filed a complaint alleging that France committed trespass by having the fence, shed, and pool located on Sparling's property. On October 20, 2016, France filed her answer, in which she admitted that Sparling "holds legal title of the property" on which the fence, shed, and

pool are located. Appellant's App. Vol. II p. 21. Together with the answer, France filed a counterclaim, arguing that she owns the property by adverse possession and seeking to quiet title in her favor.

[5] The trial began on August 3, 2017. Sparling presented evidence on her complaint and rested. Her attorney then moved to dismiss France's counterclaim pursuant to Indiana Trial Rules 12(B)(6) and 12(H). The trial court granted the motion and entered judgment in Sparling's favor on the complaint. France was not permitted to offer any evidence to support her defense or counterclaim. She now appeals.

## Discussion and Decision

[6] France first argues that the trial court erroneously dismissed her counterclaim for adverse possession. A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim rather than the facts supporting it. *E.g.*, *Mainstreet Prop. Group, LLC v. Pontones*, 97 N.E.3d 238, 243 (Ind. Ct. App. 2018). We apply a de novo standard of review to the trial court's ruling, viewing the pleadings in the light most favorable to the nonmovant, with every reasonable inference construed in that party's favor. *Id.*

[7] In this case, the trial court dismissed the adverse possession counterclaim based on what it found to be France's "conclusive and binding judicial admission[]" in her answer that Sparling holds the legal title to the property. Tr. p. 19. We cannot agree with this conclusion. Initially, we note that to grant the motion to dismiss and enter judgment in favor of Sparling on this basis is to countenance a

type of "gotcha" litigation that we do not condone or tolerate. *E.g.*, *Pinkowski v. Calumet Twp. of Lake Cty.*, 852 N.E.2d 971, 980 (Ind. Ct. App. 2006).

[8] Moreover, while France did state that Sparling holds the legal title to the property, that statement was paired with a counterclaim in which France claimed to be the rightful owner of the property by virtue of adverse possession. It is apparent, when considering the entirety of this pleading, that France intended to admit only that Sparling is the title holder *of record* while maintaining that France herself is the *legal* owner of the property based on adverse possession, seeking to quiet title in her own favor. Given that we must view the pleadings in the light most favorable to France, with every reasonable inference construed in her favor, we believe that Sparling's motion to dismiss the adverse possession counterclaim should have been denied.

[9] As France's adverse possession counterclaim survives, she is entitled to her day in court to pursue that counterclaim and defend against Sparling's trespass claim. Therefore, judgment should not have been entered in Sparling's favor and France should have been allowed to present her evidence and make her case. We reverse and remand for further proceedings.

[10] The judgment of the trial court is reversed and remanded for further proceedings.

Kirsch, J., and Bailey, J., concur.